UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOUGLAS REED,

        Plaintiff,

v.                                   Case No. 3:20-cv-214-MMH-MCR

E.L. TOLEDO, M.D.,

        Defendant.

_____

**<u>ORDER</u>**

## I.    Status

Plaintiff Douglas Reed, an inmate of the Florida penal system, is proceeding on a pro se Amended Civil Rights Complaint (Doc. 15; AC), with exhibits (Docs. 15-1 to 15-4, 17-1), against E.L. Toledo, a medical doctor at Union Correctional Institution.[1] Reed asserts that on March 27, 2019, Defendant Toledo was deliberately indifferent to Reed's serious medical needs. <u>See</u> AC at 3, 5. Reed alleges that he explained "in detail" his "long medical history and its needs" to Defendant, including that he was previously

---

[1] The Court previously dismissed all claims against Assistant Warden T. Knox, and advised that the case would proceed on Reed's deliberate indifference claim against Defendant Toledo. <u>See</u> Order (Doc. 20).

prescribed a medical back brace, and he further told Defendant that he was suffering from severe pain in his back and hips that was causing sleepless nights. Doc. 15-1 at 2. According to Reed, however, Defendant failed to examine him and stated, "'I'm not doing anything for you or giving you anything.'" Id. Reed asserts that he has an ongoing need for pain medication and a medical brace due to his torn muscles and ligaments, arthritis, scoliosis, and deteriorating disc disease, but Defendant failed to provide him with any treatment. See id. at 5. As relief, Reed requests $277,000. See id.

Before the Court is Defendant's Motion to Dismiss (Doc. 40; Motion), in which Defendant seeks dismissal of Reed's Amended Complaint for failure to comply with the Federal Rules of Civil Procedure and this Court's prior Order and for failure to state a claim.[2] The Court advised Reed that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 21). Reed filed a response in opposition to the Motion. See "Plaintiff's

---

[2] In a footnote in the Motion, Defendant also contends that although he "has not yet had an opportunity to obtain Mr. Reed's grievance and appeal records from [the Florida Department of Corrections]," he "also moves to dismiss based on failure to exhaust administrative remedies." Motion at 3 n.1. Defendant advised that he would either supplement the Motion or withdraw the argument once he received the records, see id., but he has done neither. The Court declines to address this argument because it is insufficiently raised.

Motion to Respond to Motion to Dismiss" (Doc. 45; Response). The Motion is ripe for review.

## II.   Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Alford v. Consol. Gov't of Columbus, Ga.</u>, 438 F. App'x 837,

839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

## III.   Parties' Positions

Defendant makes two arguments in his Motion. First, Defendant contends that Reed's Amended Complaint fails to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)), and this Court's prior Order directing Reed to file an amended complaint. See Motion at 4-5. Specifically, Defendant argues that "[t]he factual allegations are set forth in a single, narrative paragraph that is unnumbered, in violation of Rule 10." Id. at 4. Defendant continues, "And while the Amended Complaint contains some factual allegations, there is simply not enough facts to make out a claim against Dr. Toledo in his official capacity." Id. Second, Defendant asserts that Reed has sued Defendant in his official capacity only, but Reed "makes no allegations about a policy, custom, or practice that allegedly violated his constitutional rights." Id. at 5.

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

In Response, Reed argues that he has stated a claim. See generally Response. He contends that he has a demonstrated serious medical need, and Defendant acted with deliberate indifference by failing to examine or treat him. See id.

## IV.   Analysis

As to Defendant's first argument, although Reed's factual allegations are not set out in numbered paragraphs, his facts are clear and succinct. The Amended Complaint is sufficient to place Defendant on notice of the allegations against him. Thus, insofar as Defendant seeks dismissal based on failure to comply with the Rules or the Court's prior Order, the Motion is due to be denied.

Regarding Defendant's second argument, the Court agrees that Reed has failed to state an Eighth Amendment deliberate indifference claim against Defendant in his official capacity. Reed has not alleged that his rights were violated due to a custom, policy, or practice, and thus, the Motion is due to be granted to the extent Defendant seeks dismissal of any official capacity claims against him.

Nevertheless, although Reed only checked "official capacity" under Defendant's name on the Amended Complaint form, it is clear from Reed's allegations that he intends to sue Defendant in his individual capacity as well.

6

Indeed, Reed contends Defendant was personally and directly involved in the alleged constitutional violation, and Reed seeks monetary damages. Considering Reed's pro se status and given that his allegations show that he intends to sue Defendant individually, the Court construes his Eighth Amendment deliberate indifference claim as being raised against Defendant in his individual capacity.

In a footnote in the Motion, Defendant states that while he "believes it clear Mr. Reed only sued him in his official capacity, [Defendant] also believes the allegations are insufficient to hold him liable in his individual capacity." Motion at 6 n.2. According to Defendant, Reed attempts to state a claim by showing a difference in medical judgment between Defendant and Reed's prior medical providers, which is insufficient to state a claim. See id. The Court, however, disagrees.

"To set out a claim for deliberate indifference to medical need, [the plaintiff] must make three showings: (1) he had a serious medical need; (2) the [defendant] w[as] deliberately indifferent to that need; and (3) the [defendant's] deliberate indifference and [the plaintiff's] injury were causally related. Hinson v. Bias, 927 F.3d 1103, 1121 (11th Cir. 2019); see Nam Dang by & through Vina Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017) ("To prevail on [a] § 1983 claim for inadequate medical

treatment, [the plaintiff] must show (1) a serious medical need; (2) the health care providers' deliberate indifference to that need; and (3) causation between the health care providers' indifference and [the plaintiff's] injury.").

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quotations and citation omitted); see Patel v. Lanier Cnty. Ga., 969 F.3d 1173, 1188 (11th Cir. 2020).

A claim of deliberate indifference to a serious medical need requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Patel, 969 F.3d at 1188-89 & n.10 (recognizing "a tension within [Eleventh Circuit] precedent regarding the minimum standard for culpability under the deliberate-indifference standard," as some cases have used "more than gross negligence" while others have used "more than mere negligence"; finding,

however, that it may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as <u>reckless</u> won't meet the Supreme Court's standard" (citations omitted)). "Subjective knowledge of the risk requires that the defendant be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" <u>Dang</u>, 871 F.3d at 1280 (quoting <u>Caldwell v. Warden, FCI Talladega</u>, 748 F.3d 1090, 1099-1100 (11th Cir. 2014)).

Reed alleges that he explained his serious medical needs to Defendant, but Defendant refused to examine him or provide him with any treatment. Indeed, according to Reed, Defendant stated: "'I'm not doing anything for you or giving you anything.'" Doc. 15-1 at 2. Contrary to Defendant's argument, Reed alleges more than a simple difference in medical opinion; he alleges a complete failure to examine or treat Reed despite being told of his serious medical needs. Considering these allegations as true, as the Court must do at this stage of the litigation, the Court finds that Reed has stated a plausible Eighth Amendment claim that warrants further factual development.

Accordingly, it is

**ORDERED**:

1.     Defendant Toledo's Motion to Dismiss (Doc. 40) is **GRANTED to the extent** that all official capacity claims against Defendant are **DISMISSED without prejudice**. The Motion is otherwise **DENIED**.

2.     This case will proceed on Reed's Eighth Amendment deliberate indifference claim against Defendant in his individual capacity. Defendant must file an answer by **October 28, 2021**.

3.     The Court will set case management deadlines by separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2021.


**MARCIA MORALES HOWARD**
United States District Judge


JAX-3 9/29
c:
Douglas Reed, #C10551
Counsel of Record

10